UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FRANCIS FLOOD,**

    **Plaintiff,**

  v.                                 **Case No.: 2:16–CV–778**
                                         **JUDGE SMITH**
                                         **Magistrate Judge Kemp**

**ROGER REED,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon the Motions for Judgment on the Pleadings and Motions to Dismiss of the various Defendants. First filed was the Motion for Judgment on the Pleadings (Doc. 7) of Defendants Teresa Bemiller, Thom Collier, Charles McConville, Roger Reed, John Thatcher, and Ray Withers (collectively, the "Knox Defendants"). Plaintiff replied in opposition (Doc. 18) and the Knox Defendants replied in support (Doc. 21). Also pending is Defendant ADR & Associates, LTD's ("ADR") Motion to Dismiss (Doc. 14). Plaintiff opposed ADR's Motion (Doc. 22) and ADR replied in support of its Motion (Doc. 24). Next is the Motion to Dismiss (Doc. 26) of Kathleen Botos, Isaac Robinson, Glenn Sanders, and Mike Sapp (collectively, the "OEPA Defendants"). Plaintiff again responded in opposition (Doc. 27). Next, Defendants Nate Overholt and Julie Miller filed a Motion for Judgment on the Pleadings (Doc. 31). Plaintiff opposed the Motion (Doc. 43) and Overholt and Miller replied in support (Doc. 45). Last among the pending dispositive motions is Michael Fulmer's Motion for Judgment on the Pleadings (Doc. 32). Plaintiff opposed Fulmer's Motion (Doc. 42) and Fulmer replied in support (Doc. 44).

Finally, Plaintiff has also filed two motions which are pending, a Motion to Disqualify Nicole Candela-Norman (Doc. 28) and a Motion to Prevent a Single Counsel from Representing Multiple Defendants (Doc. 29) (collectively, the "Motions to Disqualify").  The various Defendants opposed Plaintiff's motions.  These matters are now ripe for review.  For the following reasons, the Court **GRANTS** the Motions of the Defendants and **DENIES** Plaintiff's Motions to Disqualify.

## I. BACKGROUND

This lawsuit arises out of a sewer system that was installed on Plaintiff's property in 2012 (Doc. 1, Compl. at 3).  Plaintiff is an Ohio citizen residing in Howard, Ohio.  (*Id.* at 1).  The Defendants consist of the various government officials and private parties who worked on the sewer system on Flood's property and did not provide him the relief he wished to obtain.  Three of the Defendants—Roger Reed, Thom Collier, and Teresa Bemiller—are Knox County Commissioners.  Charles McConville is the Knox County Assistant Prosecutor and John C. Thatcher is a Knox County Municipal Court Judge.  Kathleen Botos, Isaac Robinson, Mike Saap, and Glenn Sanders work for the Ohio Environmental Protection Agency ("OEPA").  Julie Miller is the Knox County Health Commissioner, Nate Overholt works for the Knox County Health Department, and Ray Withers is the Superintendent of Know County Water & Waste Water. Michael Fulmer is the owner of Elite Excavating and finally, Plaintiff alleges that ADR & Associates is a structural engineering firm working with and within Knox County.

The subject sewer system was installed by Elite Excavating, who allegedly "went broke" half way through the project.  (Doc. 1, Compl. at 4).  Plaintiff alleges that Knox County wanted the system's operation to draw revenue from the residents using it and therefore moved forward without inspections by the OEPA or the county.  Plaintiff alleges there were numerous errors in

2

the installation including that Elite installed a sewage grinder too near his home, left sewage debris in a creek on his property, dug too close to his home and cracked his foundation, and left felled trees on the property. (*Id.*).

Plaintiff alleges that he received a cease and desist order to stop calling Julie Miller after attempting to contact her regarding the health hazards around his home. (*Id.* at 5). Plaintiff also alleges that the Attorney General refused to let him file a complaint against the Commissioners or Elite Excavating because those parties have immunity. (*Id.*). Plaintiff also alleges that attempts to receive help from the Inspector General of Ohio, the Ohio Auditor, and various other state and federal officials yielded no results. (*Id.*). However, he does not allege that he ever filed suit in any state or county court. In an additional claim, Plaintiff alleges that prosecutor McConville defamed Plaintiff by calling Plaintiff a liar during a television interview. (*Id.*). Last, Plaintiff alleges that Judge Thatcher—while acting as the County Prosecuting Attorney—committed fraud by allowing Elite Excavating to be paid despite having left damage on Plaintiff's property. (*Id.* at 5–6).

Plaintiff filed suit in this case alleging that the defendants conspired against him in violation of 18 U.S.C. § 241. Further, he generally alleges due process, defamation, and fraud claims. (Doc. 1-1, Civil Cover Sheet at 1). Plaintiff also makes claims that he was deprived of the "right of representation by local and state officials" and that he suffered from a violation of the state sunshine law. (*Id.* at 2)

## II. STANDARDS OF REVIEW

Pending before the Court are both Motions to Dismiss and Motions for Judgment on the Pleadings. The standard of review for a motion for judgment on the pleadings under Rule 12(c)

is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

4

### III. DISCUSSION

Plaintiff, proceeding *pro se*, brings claims based on alleged violations of 18 U.S.C. § 241, his due process, and alleged violations of his right of representation. He also brings state law claims for fraud, conspiracy, violation of the state sunshine law, and defamation. Defendants moved for dismissal or judgment on all of Plaintiff's claims against them. Plaintiff filed the Motions to Disqualify which the Court will address first before moving to the merits of Defendants' arguments.

**A.      Motion to Disqualify**

Plaintiff moved to disqualify the OEPA Defendants' counsel, Nicole Candelora-Norman of the Office of the Ohio Attorney General, alleging that a conflict exists for Counsel because she enforces compliance with the rules of the OEPA and the OEPA Defendants allegedly failed to comply with the OEPA rules. Plaintiff also moved to prevent any single counsel or firm from representing multiple defendants based on the allegations in the Complaint.

On prior occasion, this Court has provided guidance regarding the manner in which motions to disqualify should be addressed. Specifically, this Court has provided:

> A motion to disqualify is the proper method for a party-litigant to bring an issue of conflict of interest or the breach of an ethical duty to the court's attention. *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980). Confronted with such a motion, courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice. *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991)[(Weber J.)]. In order to resolve these competing interests, the courts must balance the interests of the public in the proper safeguarding of the judicial process together with the interests of each party to the litigation. *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 711 (6th Cir. 1982).
>
> The power to disqualify an attorney from a case is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession." *Kitchen*, 769 F. Supp. at 256 (quoting *Ex Parte Burr*, 9 Wheat. 529, 22 U.S. 529, 531 (1824)). However, "the ability to deny one's opponent the services of his chosen counsel is a potent weapon." *Manning v. Waring, Cox,*

> *James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988).  Motions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment.  *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982).

*Big Idea Co. v. Parent Care Res., LLC*, No. 11-CV-1148, 2012 WL 4057216, 5–6 (S.D. Ohio Sept. 14, 2012) (King, M.J.) (citing *Hamrick v. Union Twp.*, 81 F. Supp. 2d 876, 878 (S.D. Ohio 2000) (Spiegel, J.)).

In this Circuit, "the United States Court of Appeals for the Sixth Circuit now looks 'to the codified Rules of Professional Conduct for guidance' in determining whether an attorney should be disqualified from representing a client based on a conflict of interest."  *Id.* (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc.*, 466 F.3d 456, 457 (6th Cir. 2006), *vacated in part on other grounds*, 472 F.3d 436 (6th Cir. 2007)).

Plaintiff points only to Rule 1.7, alleging that any counsel in this case may have a conflict of interest because of Plaintiff's claims under 18 U.S.C. § 241.  Rule 1.7 states that a conflict of interest exists in either of two situations:

> (1) the representation of that client will be directly adverse to another current client;
>
> (2) there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.

Ohio Prof. Cond. Rule 1.7(a)(1)–(2).  A material limitation in a civil case exists when "there is a substantial discrepancy in the clients' testimony, incompatible positions in relation to another party, potential cross-claims, or substantially different possibilities of settlement of the claims or liabilities in question."  Ohio Prof. Cond. Rule 1.7 cmt. 15.  Plaintiff has not alleged that any of these circumstances are present in this case.  However, Plaintiff's argument that disqualification is necessary is dependent on his assumption that he can bring a criminal claim under 18 U.S.C.

§ 241 as a private citizen, an assumption which every Defendant in this case has challenged as incorrect.  If Plaintiff can bring such a claim, there is an argument to be made that the criminal nature of 18 U.S.C. § 241 could require disqualification because "[t]he potential for conflict of interest in representing multiple defendants in a criminal matter is so grave that ordinarily a lawyer should decline to represent more than one co-defendant."  Ohio Prof. Cond. Rule 1.7 cmt. 15.  Accordingly, the Court will first determine if Plaintiff can bring a claim under 18 U.S.C. § 241 before deciding if disqualification of counsel is necessary.

**B.     Private Right of Action Under 18 U.S.C. § 241**

Plaintiff noted on his civil cover sheet that he was bringing a claim under 18 U.S.C. § 241, a criminal statute which bars two or more persons from conspiring to "injure, oppress, threaten, or intimidate" a person's free exercise of their Constitutional rights.  All of the Defendants argue that Plaintiff cannot assert such a claim because 18 U.S.C. § 241 does not provide a private right of action.

At the outset, the Court notes that 18 U.S.C. § 241 does not expressly grant a private right of action.  The Supreme Court has held that courts should rarely imply "a private right of action under a criminal statute" and that Courts have only done so when "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"  C*hrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)).  In the Sixth Circuit, numerous courts have applied this principle to 18 U.S.C. § 241.  In *Kafele v. Frank & Woolridge* Co., the Sixth Circuit specifically held that a private citizen has no private right of action to pursue a claim under 18 U.S.C. §§ 241–242.  108 F. App'x 307, 308 (6th Cir. 2004); *see also Benton v. Kentucky-Jefferson Cty. Attorney's Office*, No. 3:14-CV-264, 2014 WL 3941571, at *2 (W.D. Ky. Aug. 12, 2014) (finding no private right of action under 18 U.S.C. § 241); *Easterling v. Crawford*, No. 3:13-CV-430, 2014 WL 428931, at *15 (S.D. Ohio Feb. 4,

2014) (Merz, M.J.), R&R adopted, 2015 WL 1476402 (S.D. Ohio Mar. 31, 2015) (same); *Winkle v. Sargus*, No. 2:14-CV-0003, 2014 WL 111173, at *1 (S.D. Ohio Jan. 10, 2014) (King, M.J.), R&R adopted, 2014 WL 994662 (S.D. Ohio Mar. 13, 2014) (same).  Where a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted. *Kafele*, 108 F. App'x at 308–09.  Accordingly, Plaintiff's conspiracy claims under 18 U.S.C. § 241 against all Defendants are **DISMISSED**.  Plaintiff's Motions for Disqualification must also be denied because there is no evidence that a conflict of interest exists in this case and Plaintiff cannot bring this criminal claim.  Accordingly, the Court finds no basis to disqualify counsel from the Office of the Ohio Attorney General or any other attorney representing Defendants.  Plaintiff's Motions to Disqualify are **DENIED**.

### C. Procedural Due Process Claim

Next, Defendants argue that Plaintiff cannot make out a violation of procedural due process because he has not alleged that he exhausted his state law remedies.  Defendants argue, among other theories, that Plaintiff could file a civil action in the Knox County Court of Common Pleas.  Plaintiff only alleges he would not receive a fair hearing in Knox County.

Plaintiff's claims for violation of due process arise under 42 U.S.C. § 1983 which provides for a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Fourteenth Amendment requires states to afford due process before taking a person's property.  U.S. Const. 14th Amen. § 1.

To state a viable procedural due process claim, a plaintiff must prove both the existence of a property interest and the inadequacy of state remedies. *See, e.g.*, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 542–43 (1985); *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004). The Sixth Circuit, in *Collyer v. Darling*, 98 F.3d 211, 223 (6th Cir. 1996) noted:

> In *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), the Supreme Court held that when an individual is deprived of a property interest by the state due to the unauthorized failure of the state's agents to follow state procedure, due process is satisfied if the person had access to meaningful postdeprivation process. The Court extended *Parratt's* holding to deprivations of due process resulting from intentional but unauthorized acts of state employees in *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984). However, to pursue a § 1983 claim, the plaintiff bears the burden of demonstrating that the available state procedures were inadequate to compensate for the alleged unconstitutional deprivation. *See Parratt*, 451 U.S. at 543; *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1349 (6th Cir. 1992).

The Sixth Circuit has since clarified this holding, finding that the *Parratt* standard applies in cases such as this because the deprivation alleged in this case resulted "from the random, unauthorized act of a state employee, which is distinct from a deprivation resulting from an established state procedure." *Mitchell v. Fankhauser*, 375 F.3d 477, 481 (6th Cir. 2004). The Sixth Circuit has held that "[t]he inadequacy of state remedies generally cannot be proven unless those remedies are exhausted." *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). Further, the Sixth Circuit has held that "[i]n a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). This Court has recently considered a similar issue and found that "Ohio has 'reasonable, certain and adequate procedures' for plaintiffs to pursue compensation for an involuntary taking." *Williamson v. Scioto Twp. Trs.*, No. 2:13-CV-683, 2014 WL 4388266, at *10 (S.D. Ohio Sept. 5, 2014) (quoting *River City Capital, L.P. v. Bd. of Cty. Comm'rs, Clermont Cty., Ohio*, 491 F.3d 301, 307 (6th Cir. 2007))

(Kemp, M.J.). In Ohio, a mandamus action is "the vehicle with which to contest an involuntary taking." *Id.* In this case, Plaintiff alleges that he will not get a fair hearing in Knox County, but his belief that a judge would be partial is not an allegation that Ohio's state law remedies are inadequate or that he has exhausted those procedures. Plaintiff has not alleged he has filed a mandamus action and thus, cannot pursue a procedural due process claim in this Court. Plaintiff's claim for a violation of his due process as to all Defendants is **DISMISSED**.

### D. Right of Representation

Plaintiff's next claim is his alleged deprivation of his "right of representation by local & state officials." (Doc. 1-1, Compl. Cover Sheet at 2). Defendants argue that the right of representation is not a legally cognizable claim, and thus, that dismissal is appropriate. Defendants are correct that this claim is not connected to any Amendment to the Constitution or federal statute. Accordingly, the Court finds that to the extent Plaintiff is attempting to bring a federal claim for his deprivation of his right of representation, such claim is **DISMISSED**.

### E. State Law Claims

Plaintiff also asserts state law claims of fraud, defamation, violation of the state sunshine law, and possibly civil conspiracy. The subject matter jurisdiction in this case is based on federal question jurisdiction arising from Plaintiff's claimed violations of his due process rights under 42 U.S.C. § 1983 and the claimed conspiracy under 18 U.S.C. § 241. Having dismissed Plaintiff's federal claims against all of the Defendants, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. It is well-settled that the Court may decline to exercise supplemental jurisdiction over state law claims once it has dismissed all claims over which it possessed original jurisdiction. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997). Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, remaining state claims generally should be dismissed. *Id.*; *Taylor v. First*

10

*of Am. Bank Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). Therefore, pursuant to 28 U.S.C. § 1367(c)(3) and (d), the Court dismisses Plaintiff's remaining state law claims against all Defendants without prejudice.

## IV.	CONCLUSION

Based on the foregoing, the Defendants' Motions to Dismiss and Motions for Judgment on the Pleadings are **GRANTED** and Plaintiff's Motions to Disqualify are **DENIED**. Further, Defendant's Motion for Protective Order (Doc. 51) and Plaintiff's Motion to Clarify (Doc. 52) are denied as moot. The Clerk shall **REMOVE** Documents 7, 14, 26, 28, 29, 31, 32, 51 and 52 from the Court's pending motions list. The Clerk shall enter final judgment in favor of the Defendants and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**